```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

HECTOR JOSE COLON-TORO            :    CIVIL ACTION
                                  :    NO. 17-5001
        v.                        :
                                  :
NANCY A. BERRYHILL, ACTING        :
COMMISSIONER OF SOCIAL SECURITY   :

**O R D E R**

**AND NOW,** this **17th** day of **December, 2018,** it is hereby

**ORDERED** that:

(1) Plaintiff's objections (ECF No. 17) are

**OVERRULED**;[1]

---

[1] The Court has carefully considered Hector Jose Colon-Toro's objections to Magistrate Judge Marilyn Heffley's Report and Recommendation ("R&R") and the Commissioner's response to the objections. There is no need to repeat the history or facts of the case as Judge Heffley's R&R adequately relays that information.

The Court concludes that Judge Heffley has correctly and sufficiently addressed Colon-Toro's arguments, and, thus, adopts her R&R. Nonetheless, the Court will address the two issues raised in the objections de novo. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998).

a.  Colon-Toro first argues that the ALJ legally erred by ignoring all of the medical opinions of record in formulating his RFC in violation of Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). Colon-Toro contends that the ALJ was required to rely on findings from the medical opinions in crafting his RFC and that to do otherwise meant the RFC was impermissibly based on the ALJ's lay opinion.

The Court agrees with Judge Heffley's analysis of Doak. See R&R 15-17 & n.5. The RFC assessment is a duty the ALJ must perform. 20 C.F.R. § 416.927(d)(2)-(3). To read Doak as

requiring the ALJ to rely on a doctor's opinion for all limitations would eviscerate this duty. See Casillas v. Astrue, 671 F. Supp. 2d 635, 655-56 (E.D. Pa. Oct. 8, 2009) (providing that "Plaintiff's argument, taken to its logical end, would effectively transfer the responsibility of making a final RFC determination from the ALJ to the medical expert"). As required, the ALJ developed the RFC based on "all of the relevant medical and other evidence" in the record. 20 C.F.R. § 416.945(a)(3). Third Circuit law establishes that Doak cannot be read as broadly as Colon-Toro argues. Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006) ("There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties."); Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003) ("[T]he ALJ is responsible for making [an RFC] determination based on the medical evidence, and he is not required to seek a separate expert medical opinion."); Cummings v. Colvin, 129 F. Supp. 3d 209, 214-15 (W.D. Pa. 2015) (providing that it is "misguided" to rely on Doak "for the proposition that an ALJ must always base his RFC on a medical opinion" and that "Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary") (internal quotation marks omitted); Rodriguez v. Colvin, No. 14-cv-165, 2015 WL 3466128, at *1 (W.D. Pa. June 1, 2015) (same); see also Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011) ("[T]he ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision."). Moreover, as described by Judge Heffley, the ALJ's RFC determination was supported by substantial evidence. Thus, the Court overrules this objection.

  b. Second, Colon-Toro contends that the ALJ arbitrarily calculated that he would be off-task 9% of the day. Colon-Toro argues that the ALJ only picked this percentage because, at the hearing, the VE testified that 9% was the maximum off-task time permissible for gainful employment. Tr. 50-51. Colon-Toro claims that the ALJ's decision was an ends-based analysis that violated his due process rights.

  Judge Heffley fully discussed this issue as well, and the Court adopts her reasoning. R&R 20-22. The ALJ concluded,

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Marylin Heffley's Report and Recommendation (ECF No. 16);

(3) Plaintiff's request for review (ECF No. 12) is **DENIED**; and

---

based on a valid analysis of the evidence, that Colon-Toro's mental impairments would not preclude him from working but would cause some functional limitations. The ALJ chose to incorporate these limitations into the RFC by, in part, representing them as a percentage of time Colon-Toro's impairments would take him off-task. Based on the ALJ's discussion and analysis of the evidence, he clearly chose a percentage that allowed for employment because he did not believe Colon-Toro was incapable of work. In fact, the ALJ chose the most generous non-work-preclusive percentage possible. See Hall v. Comm'r of Soc. Sec., No. 15-cv-12904, 2016 WL 8115401, at *9 (E.D. Mich. July 25, 2016) ("Hall's argument that the record contains no evidence that she would be off task exactly 9% of the work day, cuts against her. Hall can point to no physician who imposed any specific percentage of the work day that she would be unable to work. Accordingly, the ALJ could easily have left this restriction out entirely rather than giving Hall a generous limitation of a 9% off-task limitation."); Wennersten v. Colvin, No. 12-cv-783, 2013 WL 4821474, at *3 (W.D. Wis. Sept. 10, 2013) ("Although the [ALJ] did not explain why he chose five percent instead of two percent or six percent, that lack of precision is not a reason to reverse the decision. The important point is that the [ALJ] did not find any evidence to show that plaintiff's ability to stay on task was impaired to the extent that it would keep him from working.") (internal citation omitted). The Court finds that the ALJ's decision to add an off-task percentage to the RFC that was not per se work-preclusive was not arbitrary and was supported by substantial evidence. Therefore, the Court overrules this objection.

In that the ALJ did not commit a reversible error and his decision is supported by substantial evidence, Colon-Toro's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,    J.**